AO 245B   (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| CARLOS ALVAREZ | ) Case Number:  11-CR-486(S-1) |
| | ) USM Number:  79289-053 |
| | ) Michelle A. Gelernt, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   3s of superseding indictment (lesser-included offense)

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 26 2013 ★

BROOKLYN OFFICE

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(b)(1)(C) | Conspiracy to distribute and possess with intent to distribute marijuana, a Class C felony | 6/30/2011 | 3s |

The defendant is sentenced as provided in pages 2 through   6   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   all open & underlying indictment   ☐ is   ☑ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/26/2013
Date of Imposition of Judgment

S/ Dora L. Irizarry

Signature of Judge

Dora L. Irizarry                     U.S. District Judge
Name of Judge                        Title of Judge

September 26, 2013
Date

AO 245B    (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:  CARLOS ALVAREZ
CASE NUMBER:   11-CR-486(S-1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

THIRTY (30) MONTHS.

☑  The court makes the following recommendations to the Bureau of Prisons:

Serve sentence at MDC Brooklyn

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at  _____   ☐ a.m.  ☐ p.m.  on  _____.

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____.

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

a  _____  , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:  CARLOS ALVAREZ
CASE NUMBER:  11-CR-486(S-1)

Judgment—Page ___3___ of ___6___

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

THREE (3) YEARS.

  The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

  If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

  The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer anycontrolled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of afelony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminalrecord or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:  CARLOS ALVAREZ
CASE NUMBER:  11-CR-486(S-1)

Judgment—Page ___4___ of ___6___

## SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall not possess a firearm, ammunition, or destructive device;

2.  The defendant shall participate in a high school equivalency program and obtain a General Equivalency Development diploma as approved by the U.S. Probation Department;

3.  The defendant shall comply with the forfeiture order;

4.  The defendant shall make full financial disclosure to the Probation Department;

5.  The defendant shall submit to random testing for drugs and alcohol.  If any test result returns positive, the defendant shall submit to an evaluation to determine need for drug treatment.  If determined necessary, the defendant shall participate in an outpatient and/or inpatient drug treatment or detoxification program approved by the U.S. Probation Department.  The defendant shall contribute to the costs of such treatment/detoxification not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.  The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay.  The defendant shall not consume any alcohol or other intoxicants during and after treatment/detoxification, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department.  The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol;

6.  The defendant shall maintain full-time verifiable employment and/or shall participate in an education or vocational training program as approved by the U.S. Probation Department;

7.  If the defendant is neither employed nor participating in educational/vocational training, he shall perform 25 hours of community service per week, in a manner and at a rate approved by the U.S. Probation Department.  The defendant will cooperate in allowing the Probation Department to confirm the community service is completed.

Judgment — Page __5__ of __6__

DEFENDANT:  CARLOS ALVAREZ
CASE NUMBER:  11-CR-486(S-1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $                 0.00 | $                 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page ___6___ of ___6___

DEFENDANT:  CARLOS ALVAREZ
CASE NUMBER:  11-CR-486(S-1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☑ Lump sum payment of $ ___100.00___   due immediately, balance due

        ☐  not later than _____ , or
        ☐  in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E**   ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:

     See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR: LDM/BDM: CSK
F. #2010R01661
OCDETF #: NY-NYE-648Z/NY-NYE-670Z

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 1 6 2013 ☆

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CARLOS ALVAREZ,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PRELIMINARY
ORDER OF FORFEITURE

11-CR-486 (S-1) (DLI)

WHEREAS, in the above-captioned case, on or about April 30, 2013, the

defendant, CARLOS ALVAREZ, pled guilty to a lesser-included offense within Count Three of

the above-captioned superseding Indictment, charging a violation of 21 U.S.C. §§ 846 and

841(b)(1)(C);  and

WHEREAS,  pursuant to 21 U.S.C. § 853, the defendant consents to the forfeiture

of all right, title, and interest, if any in:

(1)  the real property located at 300 Mamaroneck Avenue, Apt. 325, White Plains,

      New York;

(2)  the real property located at 2797 Mandalay Beach Road, Wantagh, New York;

(3)  the real property located at 64 Crotty Avenue, Yonkers, New York;

(4)  approximately $246,687.52 received  in lieu of  24 Seagull Lane, Lincroft,

      New Jersey;

(5)  one  2010 Grey Volkswagen Jetta with New York Registration Number EVB3720;

(6)  one 2006 Blue Buick Rendevous with New York Registration Number DRP3365;

2

(7)    one 2007 Grey Cadillac with New York Registration Number EXB9982;

(8)    one 2007 Grey Audi A8 with New York Registration Number FCW9455;

(9)    one Grey Nissan 350Z with Florida Registration Number PEA2Q;

(10)    one 2008 Black Cadillac Escalade with New York Registration Number FHR1121;

(11)    one 2007 Grey Jeep Grand Cherokee Cadillac with New York Registration Number ECT6888;

(12)    one 2009 Acura TSX with New York Registration Number EJT3935;

(13)    a Grey Volkswagen Golf with New York Registration Number ERK4718;

(14)    one 2008 Green Volkswagen Passat with New York Registration Number DFN2049;

(15)    one 2007 Nissan with New York Registration Number DVE9907;

(16)    a Blue Nissan Altima with New York Registration Number EHA5720;

(17)    a Grey Infiniti G35 with New York Registration Number ENA7984;

(18)    a White Mercedes Benz E55 with New York Registration Number CMP5959;

(19)    a Grey Cadillac DeVille with New York Registration New Jersey Registration Number DZZ46;

(20)    one 2007 Toyota Sequoia with New York Registration Number CTL6853;

(21)    one 2006 Black Lincoln Navigator with New York Registration Number ETM3164;

(22)    a Black Lincoln with New York Registration Number FBE3831;

(23)    a Grey Tahoe with New York Registration Number ENF2892;

(24)    one 2008 Black GMC Yukon with Pennsylvania Registration Number HCF9792;

_United States v. Carlos Alvarez, Preliminary Order of Forfeiture, CR-11-0486 (S-1)_

3

(25)    one 2007 Black Chevy Tahoe with New York Registration Number EVV1312;

(26)    a 2007 White Cadillac Escalade with New York Registration Number EVS6165;

(27)    a Grey Pontiac Grand Prix with New York Registration Number ESD6545;

(28)    a Grey Mercedes Benz with New York Registration Number FCY2915;

(29)    a Grey Mercedes Benz 500 with New York Registration Number EDE6255;

(30)    a Grey Mercedes Benz SL5 with New York Registration Number DMM8246;

(31)    one 2008 Black Cadillac Escalade with New York Registration Number FHR1121;

(32)    one 2003 White Mercedes Benz with New York Registration Number ESR9299;

(33)    one 2010 White Dodge Ram 1500 with New York Registration Number EWD1800;

(34)    a Black Chevy Cavalier with New York Registration Number EUG5973;

(35)    one 2008 Black Lincoln Navigator with New York Registration Number EPU8066;

(36)    a Grey Yukon with New York Registration Number EMZ1851;

(37)    a Black GMC Yukon with New York Registration Number EYD7688;

(38)    a Grey Chevy Impala with New Jersey Registration Number ZZZ46X;

(39)    $180,000.00 in United States currency seized on or about July 2, 2010;

(40)    $155,000.00 in United States currency seized on or about October 13, 2010;

(41)    $300,000.00 in United States currency seized on or about March 11, 2011;

(42)    $6,460.00 in United States currency seized from the residence of defendant BRIAN DUBYLNN at the time of his arrest;

4

(43)    $5,900.00 in United States currency seized from defendant SELMAN LAJQI at

the time of his arrest;

(44)    $4,000.00 in United States currency seized from defendant MAL REXHA at the

time of his arrest; and

(45)    $14,000.00 in United States currency seized from defendant GJAVIT THAQI at

the time of his arrest and allegedly claimed by defendant MAGDALENA

NIKOLLAJ (also known as "Magdalena Karaqi") (items 1 – 45 collectively

hereinafter, the "Forfeited Assets"), as property, real or personal, which constitutes or is derived

from proceeds obtained, directly or indirectly, as a result of the defendant's violation of 21

U.S.C. § 846, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND

DECREED as follows:

1.    The defendant shall forfeit to the United States all his right, title, and

interest in any and all of the Forfeited Assets in which he has an interest pursuant to 21 U.S.C. §

853.

2.    Upon entry of this Order, the United States Attorney General or his

designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in

accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding related

to third-party rights, including giving notice of this Preliminary Order.

3.    The United States shall publish notice of this Order, in accordance with

the custom and practice in this district, on the government website www.forfeiture.gov, of its

intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee

may direct.  The United States may, to the extent practicable, provide direct written notice to any

*United States v. Carlos Alvarez, Preliminary Order of Forfeiture, CR-11-0486 (S-1)*

5

person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

4.     Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first date of publication on the official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5.     The defendant shall fully assist the Government in effectuating the surrender of any of the Forfeited Assets in which he has interest by, among other things, executing any documents necessary to effectuate any transfers of title of the Forfeited Assets to the United States.  The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets in any administrative or judicial proceeding.  If the Forfeited Assets, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the Forfeited Assets in which he has an interest not forfeited, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 2254(b), the Federal Debt Collection Procedures Act, or any other applicable law.  The forfeiture of the Forfeited Assets shall not be considered a payment of a fine or a payment on any income taxes that may be due.

*United States v. Carlos Alvarez, Preliminary Order of Forfeiture, CR-11-0486 (S-1)*

6

6.    The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the defendant's sentence and included in the judgment of conviction.  If no third-party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  At that time, the properties forfeited herein shall be forfeited to the United States for deposition in accordance with law.

8.    The United States Shall have clear title to the Forfeited Assets following the Court's deposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9.    The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

10.    This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

*United States v. Carlos Alvarez, Preliminary Order of Forfeiture, CR-11-0486 (S-1)*

7

11.    The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

12.    The Clerk of the Court is directed to send, by inter-office mail, four certified copies of this Preliminary Order to the United States Attorney's Office, Eastern District of New York, ATTN: Maritza Arroyo, FSA Paralegal, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
    May 16 , 2013

So Ordered:

S/ Dora L. Irizarry

_____
HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

_United States v. Carlos Alvarez_, _Preliminary Order of Forfeiture, CR-11-0486 (S-1)_